IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN J. SEIGLER | ) | CASE NO. 4:10CV0026 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| JOHN T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Benjamin J. Seigler ("Seigler") incarcerated at the Federal Correctional Institution, Elkton, Ohio, brought this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Seigler pled guilty to four Counts of Mail Fraud, 18 U.S.C. § 1341, in the United States District Court for the Eastern District of Virginia. The amount of his sentence is unknown. He states in his Petition that he has not filed a Motion Attacking Sentence Pursuant to 28 U.S.C. § 2255 "because the challenges are not adequate or will not be effective because the challenges are aimed at the execution of the judgment and not the imposition of the same." He has also filed a Motion to Set Aside Plea Agreement (ECF 3), a Motion for Order Directing the Respondent to Show Cause Why the Writ Should Not Be Issued (ECF 4) and Objection to the Magistrate Presiding Over this Matter. (ECF 7).

In 1948, Congress amended 28 U.S.C. § 2255 to allow the Court that imposed sentence, rather than the Court that happened to have jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the

fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing Court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the Court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Still, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati*

*v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), *cert. denied*, 488 U.S. 982 (1988), or because the Petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the Petitioner has been denied permission to file a second or successive motion to vacate.  *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Seigler is challenging the imposition of his conviction that occurred in the Eastern District of Virginia, not the execution or manner in which he serving his sentence which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d at 893-94).  He asserts the following grounds for relief:

> (1) warden is executing a void judgment because the judgment was rendered without the required subject matter jurisdiction or impersonam jurisdiction or venue or statutory standing as required on the indictment;
> (2) warden is executing a void judgment that is in violation of the Constitution or laws thereof because the indictment was not a Grand Jury indictment but rather a US Attorney's indictment handed to a grand jury for verification;
> (3) warden is executing a void judgment in violation of the Constitution or the laws thereof because the Petitioner was not insured or assured the Sixth Amendment protection of Counsel at critical stages of the proceedings.

In his Memorandum accompanying his Petition, he has also a asserted ineffective assistance of counsel. None of his grounds for relief pertain to the execution of his sentence. In effect, he is arguing that he should not have been indicted at all. Generally, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt,* 2008 WL 2246360 *  2 (E.D. Ky., May 28, 2008)(citing *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 2003). Furthermore, there is no indication that a § 2255 motion is inadequate or ineffective to test the legality of his detention in

3

order to bring a § 2241 action. Actually, this is a § 2255 Motion and should be filed in the United States District Court for the Eastern District of Virginia.. Whether or not there is some impediment for that court to hear this case is not for this court to decide.

Seigler filed an Objection to the Magistrate Presiding Over this Matter. The Magistrate Judge merely ruled on his Motion to Proceed In Forma Pauperis. The Motion to Set Aside Plea Agreement (ECF 3), a Motion for Order Directing the Respondent to Show Cause Why the Writ Should Not Be Issued (ECF 4), are matters that must be heard in a § 2255 proceedings. Therefore, those Motions are denied without prejudice.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Date: April 22, 2010               S/Christopher A. Boyko
                                   JUDGE CHRISTOPHER A. BOYKO
                                   UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.

[2] 28 U.S.C. § 1915(a) (3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.